# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JAMES GREGORY BARRETT,<br><br>Debtor. | Case No.:  3:22-cv-221-RBM-BGS<br>Bankruptcy Case No.:  21-3295-MM13<br>Adversary Case No.:  21-90087-MM<br><br>**ORDER DENYING APPELLEE'S MOTION TO DISMISS APPEAL**<br><br>**[Doc. 6]** |
| JAMES GREGORY BARRETT,<br><br>Appellant,<br><br>v.<br><br>SALTON SEA ESTATES III, LLC,<br><br>Appellee. | |

Before the Court is Appellee Salton Sea Estates III, LLC's ("Appellee") March 8, 2022 motion to dismiss Appellant James Gregory Barrett's ("Appellant") appeal of the Bankruptcy Court's order remanding Appellant's unlawful detainer case back to state court. (Doc. 6.)  Appellant filed a response to the motion to dismiss on April 5, 2022. (Doc. 12.)  The Court finds this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Having considered the parties' submissions and for

the reasons set forth below, the Court **DENIES** the motion to dismiss.

## BACKGROUND

The Court recounted the factual and procedural background of this case and two related cases in its order affirming the bankruptcy court's order dismissing Appellant's bankruptcy case. *See In re James Gregory Barrett*, No. 22-cv-78-RBM-BGS, Doc. 28 (S.D. Cal. Sept. 27, 2022). The Court incorporates by reference the background as set forth therein, and briefly states below those facts relevant to the instant motion.

On June 3, 2015, Appellant and his spouse obtained a loan from Salton Sea Estates III, LLC ("SSE"), which was reflected in a promissory note secured by a deed of trust encumbering the real property located at 2566 Sea Urchin Avenue, Salton City, California ("Property"). In approximately December 2016, Appellant defaulted under the note. SSE, as trustee under the Deed of Trust, completed a foreclosure sale of the Property on April 11, 2018. A series of litigation in state court has ensued related to the Property: a quiet title suit, an unlawful detainer suit, and a wrongful foreclosure suit.

Appellant filed a bankruptcy petition on August 13, 2021—approximately two months after the state court entered judgment on the quiet title action and merely weeks after trial concluded in the unlawful detainer action. *See In re James Gregory Barrett*, Bk. No. 21-03295-MM, Doc. 1 (Bankr. S.D. Cal. Aug. 13, 2021). On October 27, 2021, Appellant removed the unlawful detainer action to the bankruptcy court, which was filed as an adversary case to the bankruptcy case. *See Salton Sea Estates III, LLC v. James Barrett*, Bk. No. 21-90087-MM, Doc. 1 (Bankr. S.D. Cal. Oct. 27, 2021). Appellant also removed the wrongful foreclosure action to the bankruptcy court on October 29, 2021, which was also filed as an adversary case. *See James Barrett v. Salton Sea Estates III, LLC*, Bk. No. 21-90090-MM, Doc. 1 (Bankr. S.D. Cal. Oct. 29, 2021).

On January 10, 2022, the bankruptcy court dismissed Appellant's bankruptcy case for cause finding Appellant failed to demonstrate that he proposed the plan in good faith as required under 11 U.S.C. § 1325(a)(3) and (7). *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 68 (Bankr. S.D. Cal. Jan. 10, 2022). The bankruptcy court

then remanded both the unlawful detainer and wrongful foreclosure actions back to state court. *See Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 20 (Bankr. S.D. Cal. Feb. 17, 2022); *Barrett*, Bk. No. 21-90090-MM, Doc. 19 (Bankr. S.D. Cal. Feb. 17, 2022). Appellant has appealed both remand orders. *See In re James Gregory Barrett*, 22-cv-221-RBM-BGS, Doc. 1 (S.D. Cal. Feb. 17, 2022); *In re James Gregory Barrett*, 22-cv-222-RBM-BGS, Doc. 1 (S.D. Cal. Feb. 17, 2022). On September 27, 2022, the undersigned affirmed the bankruptcy court's order dismissing the bankruptcy case. *See In re James Gregory Barrett*, No. 22-cv-78-RBM-BGS, Doc. 28 (S.D. Cal. Sept. 27, 2022). Now the Court turns to the March 8, 2022 motion to dismiss the appeal of the bankruptcy court's order remanding the adversary case to state court. (Doc. 6.)

## DISCUSSION

Appellee seeks dismissal of this appeal on the ground that this Court lacks subject matter jurisdiction to hear the appeal pursuant to 28 U.S.C. § 1452(b). (Doc. 6 at 3-4.) It contends that section 1452(b) "removes any and all right of appeal [of] the remand of a cause of action removed to Bankruptcy Court." (*Id.*) Appellee argues the Supreme Court "confirmed the un-appealability of remand orders" in *Things Remembered, Inc. v. Petrarca*. 516 U.S. 124 (1995).

Section 1452(b) states:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

As an initial matter, a distinction must be made between a court's order remanding a case to state court on equitable grounds pursuant to section 1452(b) and an order remanding due to lack of subject matter jurisdiction which is governed by 28 U.S.C. § 1447(d). *See Bustichi & Co. v. Wesco Ins. Co.*, No. 20-cv-882-RS, 2021 WL 4499269, at **2-3 (N.D. Cal. Feb. 8, 2021). In *Things Remembered*, the Supreme Court held "[i]f an

order remands a bankruptcy case to state court because of a . . . lack of subject-matter jurisdiction," it is governed by section 1447 and there is no jurisdiction to review the order of remand on appeal or otherwise. *Id.* at *2 (citing *Things Remembered*, 516 U.S. at 129). Section 1452(b), on the other hand, permits review of a remand order by a district court. *Id.* at *3 (citing *In re Borelli*, 132 B.R. 648, 650 (N.D. Cal. Oct. 4, 1991)); *see also In re Caesars Entm't Operating Co., Inc.*, 588 B.R. 233, 238, n. 4 (9th Cir. B.A.P. 2018). Here, Appellee contends the bankruptcy court remanded the case back to state court pursuant to 28 U.S.C. § 1452(b). (Doc. 6 at 3; *see also* Doc. 6-1, Exs. 4-5 (weighing factors such as judicial economy, fairness, comity, and convenience as basis for remand).) Therefore, district court review of the decision is not precluded. Accordingly, the Court **DENIES** Appellee's motion to dismiss.

## CONCLUSION

For the reasons above, the Court **DENIES** Appellee's motion to dismiss. The Court holds appellate briefing in abeyance pending its ruling on Appellee's motion to dismiss (Doc. 17) filed on October 24, 2022. An order on the October 24, 2022 motion to dismiss will be issued in due course.

**IT IS SO ORDERED**.

DATE: October 25, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE